STATE RETIREMENT COMMISSION *v.* TOWN OF MADISON

SUPERIOR COURT  HARTFORD COUNTY  FILE No. 90529

Memorandum filed March 28, 1952.

*George C. Conway,* Attorney General, and *Joseph A. Hoffenberg,* Assistant Attorney General, of Hartford, for the Plaintiff.

*Lyman H. Steele,* of New Haven, for the Defendant.

DALY, J.  The plaintiff claims that the town of Madison is liable for certain sums under the provisions of chapter 48 (Retirement of Municipal Employees) of the 1949 Revision of the General Statutes.

The parties have stipulated as to the facts.  On March 6, 1951, the board of police commissioners of the town of Madison passed the following vote: "VOTED: To approve the adoption of the Municipal Pension Act for the benefit of the Madison Police Department and to request the Board of Selectmen to call a Special Town Meeting to act on same." On March 6, 1951, the board of selectmen of the town of Madison passed the following vote: "VOTED:

To call a special Town Meeting to act on the Municipal Pension Act for the Benefit of the Madison Police Department." At a meeting of the electors of the town of Madison duly called and held on March 20, 1951, the following resolution was adopted: "ReSOLVED: That the Town of Madison does hereby accept the provisions of Chapter 48 of the 1949 General Statutes, relating to 'Retirement of Municipal Employees' for all full time employees of the Police Department of the Town of Madison."

A certified copy of the resolution set forth in the above paragraph was forwarded to the retirement commission by the clerk of the town of Madison accompanied by a certificate from the moderator of said meeting as to the vote thereon. By letter dated April 18, 1951, the state retirement commission notified the first selectman of the town of Madison that the retirement commission at its meeting of April 11, 1951, accepted the resolution set forth above, to be effective July 1, 1951.

At a meeting of the electors of the town of Madison duly called and held on May 22, 1951, the following resolution was adopted: "RESOLVED: That the vote passed at the Special Town Meeting held on March 20, 1951, adopting the provisions of Chapter 48 of the 1949 Revision of the General Statutes relating to 'Retirement of Municipal Employees' for all full-time members of the Police Department of the Town of Madison, be rescinded." A certified copy of this resolution of May 22, 1951, was forwarded to the retirement commission by the clerk of the town of Madison accompanied by a certificate from the moderator of said meeting as to the vote thereon.

The votes recited in the foregoing paragraphs are the only ordinances, resolutions or votes made or passed by the electors of the town of Madison or by its board of selectmen or by its board of police commissioners with respect to accepting chapter 48 of

the 1949 Revision of the General Statutes and with respect to withdrawing from the retirement system established by said chapter. The board of finance of the town of Madison has refused to recommend an appropriation with which to pay any money claimed to be due to the retirement commission and has refused to include in the budget recommended by it to the town of Madison any appropriation for payment of any money to the state retirement commission.

Section 174b of the 1951 Cumulative Supplement to the General Statutes provides that "Any municipality may, by ordinance or resolution subject to referendum as hereinafter provided, accept this chapter. . . . In any municipality other than a county, such ordinance or resolution shall not take effect until it has been approved by a majority of the electors of the municipality voting thereon at the next regular election or meeting or at a special election or meeting called for the purpose."

The first question to be decided is, Did the town of Madison, or municipality, by the vote of the board of police commissioners on March 6, 1951, or by the vote of the board of selectmen on March 6, 1951, accept chapter 48 of the 1949 Revision of the General Statutes?

The board of police commissioners is not a municipality, as it is stated in § 885 that the word "municipality" as used in chapter 48 shall mean any town, city, borough, county, school district, taxing district or fire district. Of the two votes passed on that day, March 6, 1951, the only one which could be claimed to be an acceptance of chapter 48 is the one of the board of police commissioners. Certainly the vote of the selectmen "to call a special Town Meeting to act on the Municipal Pension Act for the benefit of the Madison Police Department" was not an acceptance of chapter 48. Consequently, even if it were con-

ceded (for present purposes only) that the municipality, the town of Madison, could pass an ordinance or resolution, acting by or through the board of selectmen, what the board of selectmen voted to do on. March 6, 1951 (to call a special town meeting) was not an acceptance of chapter 48.

The vote of the board of police commissioners did not satisfy the requirements of § 886, which provides that "[A]ny municipality may, by ordinance or resolution subject to referendum . . . accept this chapter," as the board of police commissioners is not a "municipality" as the word is defined in § 885.

The town of Madison did not accept chapter 48, as the requirements—(1) that the municipality by ordinance or resolution accept chapter 48, and (2) that "such ordinance or resolution shall not take effect until it has been approved by a majority of the electors of the municipality voting thereon"—have not been met. It is therefore of no importance, in deciding the issues in this case, that a certified copy of the resolution adopted at the meeting of the electors held on March 20, 1951, accompanied by a certificate from the moderator of the meeting, was forwarded to the retirement commission, that the state retirement commission notified the first selectman of the town of Madison that the retirement commission accepted the resolution, that the electors of the town of Madison at a meeting on May 22, 1951, rescinded the vote passed at the meeting held on March 20, 1951, and that the board of finance of the town of Madison has refused to recommend an appropriation with which to pay any money claimed to be due to the retirement commission and has refused to include in the budget recommended by it to the town of Madison any appropriation for payment of any money to the state retirement commission.

The issues upon the complaint are found for the defendant and judgment is rendered accordingly.

The defendant by cross complaint has asked for a declaratory judgment. The defendant is entitled to the relief prayed. The defendant did not become a participating municipality in the retirement system for municipal employees established by chapter 48 of the 1949 Revision of the General Statutes with respect to full-time members of its police department as a result of the resolution passed by its electors' meeting held on March 20, 1951.